**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

IN THE MATTER OF THE COMPLAINT    )
OF BRENNAN MARINE, INC. FOR    )    Case No. _____
EXONERATION FROM, OR LIMITATION OF    )
LIABILITY.    )

## COMPLAINT IN ADMIRALTY

Plaintiff Brennan Marine, Inc. ("Plaintiff" or "Brennan") submits the following as its Complaint in Admiralty seeking exoneration from, or limitation of, liability:

1. This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Plaintiff was a corporation duly organized under the law, and the owner or owner *pro hac vice* of the Motor Vessel MERRELL COLSCH.

3. The M/V MERRELL COLSCH is a twin screw towboat, measuring 70' x 24', that regularly engages in commercial navigation on the inland waterways of the United States.

4. The M/V MERRELL COLSCH is presently located within this judicial district within or near St. Genevieve, Missouri on the Mississippi River.

5. On November 6, 2024, Brennan operated four barge fleets on the Missouri side of the Mississippi River at or about Upper Mississippi River Mile 139. While the M/V MERRELL COLSCH was performing fleet work in the upper fleeting area, its crew was notified by the crew of the M/V DENNIS T. DELANEY (located in the lower fleeting area) that barges had broken

free of their moorings after a northbound vessel, the M/V KENT W. FREEMAN, had passed the lower fleeting area. Brennan does not own or operate the M/V DENNIS T. DELANEY or the M/V KENT W. FREEMAN. All told, thirty barges broke away from the Brennan-operated lower fleeting area.

6.      Brennan is not presently aware of any lawsuit being filed against it as a result of the events of November 6, 2024.

7.      The breakaway and resulting damages were neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness, or other fault of Brennan or the M/V MERRELL COLSCH, nor any person or entity for which Brennan or the M/V MERRELL COLSCH is responsible.

8.      The breakaway was occasioned and occurred without fault of Brennan and without privity or knowledge of Brennan.

9.      The M/V MERRELL COLSCH has not been attached or arrested in any suit brought in connection with any claim arising out of the aforementioned incident.

10.      Brennan believes that the value of the M/V MERRELL COLSCH, including its rigging, equipment, freight (if any), and appurtenances, on November 6, 2024, did not exceed the sum of nine hundred fifty five thousand and no/100 dollars ($955,000.00).

11.      The potential claims that could be asserted against Brennan arising out of the aforementioned breakaway could exceed the value of the M/V MERRELL COLSCH.

12.      Brennan claims and seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned November 6 breakaway, and further alleges that it has valid defenses to those potential claims on the facts and on the law.

13.     Alternatively, and without admitting any liability, Brennan claims the benefit of limitation of vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To that end, Brennan is ready and willing to proceed according to law and pursuant to the rules and practices of this Honorable Court.

14.     This Complaint is filed within six months of the receipt by Brennan of any written claim for damages arising out of the incident.

15.     Brennan alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner.

16.     No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

WHEREFORE, Plaintiff prays that:

a)     This Court shall in due course cause appraisal to be made of the value of Plaintiff's interest in the M/V MERRELL COLSCH after the aforesaid incident on November 6, 2024;

b)     This Court, upon written motion, shall enter an order directing Plaintiff to post appropriate security for the value of the M/V MERRELL COLSCH, with a surety approved by the Court or other adequate security, for payment to the Court of the amount of the interest of Plaintiff in the M/V MERRELL COLSCH whenever the Court shall so order;

c)	This Court, upon written motion, shall enter an Order directing that on the giving of such security for the value of the M/V MERRELL COLSCH as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by Plaintiff, the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against Plaintiff or its agents or representatives, or any other person for whom Plaintiff is or may be responsible, or against any of the property of Plaintiff, including, but not limited to, the M/V MERRELL COLSCH, to recover damages caused by or resulting from said incident, or in respect of any claim or claims arising out of or resulting from said incident, shall be enjoined until the hearing and determination of this proceeding;

d)	This Court, upon written motion, shall enter an Order directing the issuance of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said notice;

e)	This Court in this proceeding will adjudge that:

(i)	Plaintiff and the M/V MERRELL COLSCH are not liable to any extent for any loss, damage, death, or injury, nor for any claims whatsoever in any way arising out of aforesaid incident or voyage alleged in this Complaint, and, therefore, Plaintiff and the M/V MERRELL COLSCH are entitled to a decree of exoneration in this matter;

(ii)     If Plaintiff shall be adjudged liable to any extent in the premises, then the liability of Plaintiff shall be limited to the value of the M/V MERRELL COLSCH immediately following the incident, and that a decree may be entered discharging Plaintiff and the M/V MERRELL COLSCH from all further liability and further enjoining the filing and prosecution of any claim against either Plaintiff and/or the M/V MERRELL COLSCH related to the incident alleged in this Complaint; and

f)     Plaintiff and the M/V MERRELL COLSCH may have such other and further relief as may be just and proper.

Respectfully submitted,

GOLDSTEIN AND PRICE, L.C.
and Neal W. Settergren
and Richard D. McNelley
and Giles B. Howard

By:   /s/ Giles B. Howard
701 Market, Suite 1500
St. Louis, Missouri 63101
314-516-1700 (phone)
314-421-2382 (fax)
neal@gp-law.com
richard@gp-law.com
giles@gp-law.com

*Counsel for Plaintiff Brennan Marine, Inc.*