**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN  DIVISION**

IN THE MATTER OF THE COMPLAINT )
OF BRENNAN MARINE, INC. FOR )
EXONERATION FROM, OR )    No. 1:24-cv-00210 CMS
LIMITATION OF LIABILITY )

)

)

)

)

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Brennan Marine, Inc.'s Motion for Entry of Default Judgment (Doc. 52) filed on January 2, 2026. The  Court relies upon the entire record and the Parties' memoranda (Docs. 53, 54, 56). Defendant Ingram Barge Company, LLC, failed to plead or otherwise defend against Plaintiff's Third Party Complaint, resulting in a Clerk's Default being entered against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 108). For the reasons stated below, however, Plaintiff's Motion for Entry of Default Judgment is DENIED.

## I.    BACKGROUND

On May 6, 2025, Claimants American Commercial Barge Line LLC and ACBL Vessels LLC (collectively "Claimant ACBL") filed a claim seeking damages and repair costs. (Doc. 9).[1] Claimants APAC-Tennessee, Inc. and APAC-Mississippi, Inc. (collectively, "Claimant APAC"), filed a claim on May 7, 2025, seeking damages and repair costs to barges S23 Ramp Barge and D6521 Deck Barge. (Doc. 18). Both sets of Claimants directed their claims against Plaintiff Brennan Marine. (Doc. 9); (Doc. 18).

On August 20, 2025, Plaintiff filed a Motion for Leave to File Counterclaim and Cross Claim (Doc. 33) and an accompanying Memorandum in Support (Doc. 34). On September 16,

---

[1] The Court gives a brief summary of only the facts relevant to this Order.

1

2025, after more than 14 days had elapsed without a response from Defendant, as allowed by Local Rule 4.01(B), the Court entered an Order granting Plaintiff's unopposed motion. (Doc. 37). Plaintiff then filed its Counterclaim and Fed. R. Civ. P. 14(c) Tender that same day. (Doc. 38). This Rule 14(c) Tender was intended to bring in Defendant as a third-party defendant. (Doc. 38 at 3). Under Rule 14(c)(2), "the third-party defendant must defend under [Fed. R. Civ. P.] 12 against the plaintiff's claim *as well as* the third-party plaintiff's claim" (emphasis added). If Defendant was able to be brought in under Rule 14(c)(2) as a third-party defendant, it would have to file responsive pleadings both to Plaintiff's claims and Claimants' claims.

Defendant filed an Answer to the Counterclaim and Rule 14(c) Tender on October 7, 2025. (Doc. 40). Defendant admittedly did not respond to claims asserted by Claimants ACBL and APAC within 21 days of service. (Doc. 54 at 2).

Plaintiff filed a Motion for Default Judgment on January 2, 2026, (Doc. 52). The Court entered an Order to Show Cause why it should not deny Plaintiff's Motion for Default Judgment (Doc. 52) for failure to move for entry of clerk's default as required by Fed. R. Civ. P. 55(a). (Doc. 100). Plaintiff filed its Response (Doc. 101) and its Motion for Entry of Clerk's Default (Doc. 102) on June 12, 2026. Finally, the Clerk of this Court entered default against Defendant on June 24, 2026. (Doc. 108).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). At that stage, the court must determine whether to enter a default judgment in favor of the plaintiff. Fed. R. Civ. P. 55(b)(2); *see also Murray v.*

2

*Lene*, 595 F.3d 868, 871 (8th Cir. 2010). After default, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray*, 595 F.3d at 871 (quoting C. Wright et al., *supra*, at 63). This Court will not enter a default judgment in favor of Plaintiff in this case.

## III.   DISCUSSION

Plaintiff moves for this Court to enter default judgment against Defendant because Defendant failed to answer the claims of Claimants ACBL and APAC. (Doc. 52 at 1). Plaintiff argues it lawfully tendered these claims to Defendant pursuant to Fed. R. Civ. P. 14(c).

Rule 14(c) is an impleader rule peculiar to admiralty and maritime claims. Rule 14(c) states the following:

> **(1)** *Scope of Impleader.* If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
> **(2)** *Defending Against a Demand for Judgment for the Plaintiff.* The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Although there is no binding Eighth Circuit or Supreme Court precedent (or any authority from this District) interpreting this aspect of Rule 14(c), there is persuasive authority from both the Seventh Circuit and other district courts on this topic. The Seventh Circuit, when assessing personal jurisdiction, stated that although the third-party plaintiff based its cross claim on Rule 14(c) and Rule 13(g), the third-party plaintiff "gained nothing by basing its cross-claim on Rule 14(c) as well as Rule 13(g)." *In re Oil Spill by Amoco Cadiz off Coast of France on Mar. 16, 1978*, 699 F.2d 909, 913 (7th Cir. 1983). This was because "Rule 14(c) . . . is of no consequence

3

when, as in this case, the third-party defendant is already a defendant in the main action." *Id.*

Both the Southern District of New York and the Southern District of West Virginia similarly have concluded that a "Rule 14(c) claim 'may be asserted only against a non-party to the lawsuit.'" *Gulf Island Shipyards, LLC v. Mediterranean Shipping Co. (USA), Inc.*, No. 1:22-cv-1018-MKV, 2023 WL 7735432, at *2 (S.D.N.Y. Nov. 15, 2023) (quoting *Reynolds v. Eveready Marine, Inc.*, No. CIV.A. 02-3062, 2003 WL 21088095, at *2 (E.D. La. May 7, 2003)); *see also Matter of B & H Towing, Inc.*, 2006 WL 8439038, at * n.2 (S.D. W.Va. Mar. 27, 2006). The Southern District of New York further held that the plaintiff had failed to state a claim under Rule 14(c) "because it asserts the claim against a third-party defendant that is already a party to this action." *Gulf Island Shipyards, LLC*, 2023 WL 7735432, at *3. The proper procedure in this situation is a Rule 13(g) cross claim. *Id.*

This Court finds these opinions particularly persuasive because they are faithful to a plain reading of the rule. Rule 14(c)'s text makes clear that it is not meant to be used as a mere device for bringing cross claims against a party to the main suit. Rule 14(c) allows "the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i)…, as a third-party plaintiff, [to] *bring in* a *third-party* defendant who may be wholly or partly liable . . . ." Fed. R. Civ. P. 14(c)(1) (emphasis added). A "third party" is a "person who is not a party to a lawsuit . . . but who is usu[ally] somehow implicated in it; someone other than the principal parties." *Third Party*, Black's Law Dictionary (8th ed. 2008). Additionally, the phrase "bring in" as utilized in Rule 14(c) implies that the third party is not already in the case.

Plaintiff seeks to distinguish the above cases because they address motions to dismiss rather than motions for default judgment. (Doc. 56 at 2). But the legal standards for a default judgment and dismissal of a case are very similar. Both accept the plaintiff's allegations as true before assessing whether the facts support a claim for relief. *Compare Ashcroft v. Iqbal,* 556 U.S.

4

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"), *with Murray*, 595 F.3d at 871 (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998), for proposition that, in assessing a motion for default judgment, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law'").

In fact, the standard for a motion to dismiss under Rule 12(b)(6) is more lenient because it requires only that the facts pled "allow[] the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The cases discussed *supra* and a plain reading of Rule 14(c) make clear that Rule 14(c) does not provide a legitimate cause of action against a defendant in the main action.

Given this authority, Defendant moves the Court to award attorneys' fees and sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. (Doc. 54 at 8-9). Defendant claims that Plaintiff's Rule 14(c) Tender and its Motion for Default Judgment are frivolous because they are "against the clear language of Rule 14(c) and cases interpreting and applying it." *Id.* at 8. As already mentioned, as persuasive as these cases are, they are not controlling. Additionally, Defendant never bothered to oppose Plaintiff's Motion to File Counterclaim and Cross Claim (Doc. 33) back in August 2025, when Defendant had an earlier opportunity to raise these points, which could have avoided the expenditure of additional resources of the Court and the Parties. As a result, the Court granted Plaintiff's unopposed motion. (Doc. 37). Defendant's request for attorneys' fees and Rule 11 sanctions is denied.

For these reasons, Plaintiff's Motion for Default Judgment (Doc. 52) is DENIED.

## IV.    CONCLUSION

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Final Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Fed. R. Civ. P. 14(c) Tender against Defendant is **DISMISSED**. *See Murray v. Lene*, 595 F.3d 868, 871, 873 (8th Cir. 2010). The Court will enter final judgment dismissing Plaintiff's Fed. R. Civ. P. 14(c) Tender by separate order.

**IT IS FINALLY ORDERED** that Defendant's request for an award of attorneys' fees is **DENIED**.

This 27th day of July, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT COURT JUDGE

6